

BOSTON    CONNECTICUT    FLORIDA    NEW JERSEY    NEW YORK    PROVIDENCE    WASHINGTON, DC

JONATHAN S. ZELIG
Attorney at Law

One Federal Street, 29th Floor
Boston, MA 02110
T: (617) 345-4601 F: (617) 892-4236
jzelig@daypitney.com

June 30, 2022

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
(202) 805-0288

      Re:    *Match Group, LLC v. Beazley Underwriting Limited*,
               Case No. 1:22-cv-04629-LGS (S.D.N.Y. filed June 3, 2022)
               Pre-Motion Letter for Anticipated Rule 12(b)(6) Motion and
               Request for Stay of Discovery and Adjournment of Status Conference

Dear Judge Schofield:

      Pursuant to Section III.C.2 of Your Honor's Individual Rules and Procedures for Civil Cases, defendant Beazley Underwriting, Ltd. ("Beazley") files this pre-motion letter in anticipation of filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In addition, Beazley respectfully asks the Court to stay discovery and adjourn the August 10, 2022 (ECF No. 13) status conference pending resolution of the motion to dismiss.

## Overview of Litigation

      This case involves an insurance coverage dispute under a claims-made-and-reported policy that Beazley issued to an alleged predecessor of plaintiff Match Group, LLC ("Match"). Match seeks coverage for a claim that it failed to report to Beazley for six months, by which time the policy period had already expired. Beazley denies that Match is entitled to coverage because Match did not report the claim "as soon as practicable," and before "the end of the Policy Period," as required to trigger coverage under the policy.

      In its complaint, Match offers three theories under which it seeks recovery:

(1)    **New York General Construction Law Section 25.** Because the policy period ended at 12:01 a.m. on a Saturday, Match contends that New York General Construction Law Section 25 extended the reporting deadline until 11:59 p.m. on the following Monday.

**DAY PITNEY** LLP

The Honorable Lorna G. Schofield
June 30, 2022
Page 2

(2) **Waiver.** Match argues that Beazley waived its right to enforce the policy's reporting requirements, either because Beazley delayed in disclaiming coverage, or because the parties had "explicit and/or implicit mutual understandings" that relieved Match of the duty to comply with the policy's reporting requirements.

(3) **Estoppel.** Match claims Beazley should be estopped from enforcing the policy's reporting requirements because Beazley allegedly prejudiced Match by delaying in disclaiming coverage.

Beazley will argue that, as a matter of law, none of Match's theories can remedy its failure to report the claim "as soon as practicable" and before "the end of the Policy Period."

*First*, New York General Construction Law Section 25 cannot extend coverage where the triggering event occurs outside the policy period. *Lesk v. London & Lancashire Indem. Co. of Am.*, 286 N.Y. 443, 447 (1941) (holding Section 25 does not apply where policy "will absolutely cease at 12 o'clock NOON Standard Time November 8th" and accident occurred five hours after noon, even though November 8th was a holiday). For a claims-made-and-reported policy, "[t]he requirement that claims be reported within a specified time period is 'the trigger for coverage.'" *Checkrite Ltd., Inc. v. Illinois Nat. Ins. Co.*, 95 F. Supp. 2d 180, 190 (S.D.N.Y. 2000). A policyholder can no more obtain coverage under a claims-made-and-reported policy for a claim reported outside the policy period, than it can obtain coverage under an occurrence policy for an accident that occurs outside the policy period. *See Hunt Constr. Grp., Inc. v. Berkley Assurance Co.*, 2021 WL 4392520, at *2 (S.D.N.Y. Sept. 24, 2021) ("The authorities establish that there is no coverage under a claims-made policy where the insured fails to notify the insurer of a claim by the end of the policy period (or extended reporting period, if any).").

Moreover, Section 25 does not apply where "the contract expressly or impliedly indicates a different intent." N.Y. Gen. Constr. Law § 25(1). A contract "indicates a different intent" – *i.e.*, that Section 25 does not apply – where "time was clearly of the essence." *See Kulanski v. Celia Homes, Inc.*, 184 N.Y.S.2d 234, 236 (2d Dep't 1959); *see also Freda Green & Assocs., Inc. v. Heydt*, 562 N.Y.S.2d 79 (1st Dep't 1990). Under a claims-made-and-reported policy, time is so clearly "of the essence" that the policy specifies the deadline down to the *minute*, and courts hold that missing the reporting deadline by even a few hours vitiates coverage. *See, e.g.*, *Cath. Med. Ctr. v. Exec. Risk Indem., Inc.*, 151 N.H. 699, 700, 704 (2005) (no coverage for claim reported nine hours late); *Brumfield v. Shelton*, 831 F. Supp. 562, 565 (E.D. La. 1993) (eight hours).

In addition, even if Section 25 did apply (and it does not), the statute could only extend the policy's reporting deadline to "the same hour of such next succeeding business day." N.Y. Gen. Constr. Law § 25(1). Here, the policy period ended at 12:01 a.m. on a Saturday. As such, Section 25 could only extend the reporting deadline to 12:01 a.m. the following Monday, in which case Match's 8:42 a.m. Monday notice to Beazley was still too late. In any event, Section 25 cannot remedy Match's breach of the separate "as soon as practicable" reporting requirement.



The Honorable Lorna G. Schofield
June 30, 2022
Page 3

***Second***, New York law does not recognize waiver where, as here, "the issue is the existence or nonexistence of coverage." *Albert J. Schiff Assocs., Inc. v. Flack*, 51 N.Y.2d 692, 698 (1980); *see also Berkley Assurance Co. v. Hunt Constr. Grp., Inc.*, 465 F. Supp. 3d 370, 381 (S.D.N.Y. 2020). Moreover, Match's factual allegations are insufficient to make out a plausible claim that Beazley "unmistakably manifested" an intent to waive the policy's reporting requirements. *Echostar Satellite L.L.C. v. ESPN, Inc.*, 914 N.Y.S.2d 35, 39 (1st Dep't 2010).

***Third***, New York law does not recognize estoppel where, as here, a claim was reported after a claims-made-and-reported policy period ended. *Allstate Vehicle & Prop. Ins. Co. v. Mars*, 533 F. Supp. 3d 71, 81 (E.D.N.Y. 2021); *Hunt Constr. Grp.*, 2021 WL 4392520, at *2. Moreover, Match fails to allege facts that make out a plausible claim for estoppel because Match suffered no prejudice. Match could not have purchased the Optional Extension Period, and even if purchased, the Optional Extension Period would not have covered the claim.

### Proposed Motion to Dismiss Schedule

Match filed its complaint on June 3, 2022. (ECF No. 1.) Beazley waived service of summons on June 9, 2022. (ECF No. 6.) Beazley's motion to dismiss is due on August 2, 2022.

Counsel have worked cooperatively to craft a briefing schedule that accommodates anticipated parental leave on both sides. At present, Beazley plans to file its motion to dismiss on or about July 15, 2022 (more than two weeks ahead of the deadline). The parties propose that Match's opposition would be due 45 days from the date that Beazley files its motion to dismiss. Beazley's reply would be due 15 days thereafter. The briefing would thus be complete 60 days from the time that Beazley files its motion to dismiss.

### Request for a Stay of Discovery and Other Litigation Deadlines

Beazley respectfully requests that the Court adjourn the Rule 16 conference scheduled for August 10, 2022 (ECF No. 13) and stay all discovery and related deadlines pending resolution of Beazley's forthcoming motion to dismiss. Counsel for the parties have conferred concerning a stay of discovery. Beazley understands that Match will state its position in its response.

In the alternative, in light of upcoming parental leave for counsel for both parties, Beazley respectfully requests an adjournment of the August 10, 2022 Rule 16 conference to a date in September convenient to the Court. Match consents to this request.

We thank the Court for its consideration of this matter.

Respectfully Submitted,

/s/ Jonathan S. Zelig

cc:   All counsel of record (via CM/ECF)