August 3, 2022
    **Ernest Martin, Jr.**

Direct Phone Number:  214-651-5641
Direct Fax Number:  202-654-4256
*ernest.martin@haynesboone.com*

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Match Group, LLC v. Beazley Underwriting Limited*, No. 1:22-cv-4629-LGS

Dear Judge Schofield:

Pursuant to the Court's June 24, 2022 Order in the above-captioned action, ECF No. 13, the parties respectfully submit this joint letter and enclosed joint Proposed Civil Case Management Plan and Scheduling Order.

### (1) Nature of Case, Principal Claims/Defenses, Major Legal and Factual Issues Important to Resolving Case:

This is an insurance coverage action for breach of contract, or alternatively for estoppel, that arises out of Beazley Underwriting, Ltd.'s ("Beazley" or "Defendant") declination of coverage of a claim under a claims-made-and-reported policy.  Beazley maintains that it properly disclaimed coverage because Match Group, LLC ("MGL" or "Plaintiff") failed to report the claim before the end of the policy period.  Plaintiff MGL contends (1) the claim was timely reported, because it was due on Saturday, reported to Beazley first thing Monday morning, and, under New York General Construction Law §25, contractual obligations due on a weekend may be performed on the next business day; (2) the claim was also timely reported based on the course of dealing that existed under the contract; and (3) even if the claim was not timely reported, Beazley is estopped from raising a late notice defense because it delayed denying coverage for over seven months, prejudicing MGL by running out the clock on MGL's opportunity to purchase an extended period to report the claim.

The major legal and factual issues are: (1) the application, if any, of New York General Construction Law §25 to the policy's reporting deadline; (2) whether the parties had a course of dealing under the contract; and (3) whether purchasing the optional extension period would have extended the notice deadline.

### (2) Subject Matter Jurisdiction/Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Please see (3) below for information on the citizenship of the Plaintiff and Defendant.

The amount in controversy exceeds $75,000, exclusive of interests and costs.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and pursuant to the terms of the subject insurance policy because Beazley issued the policy in New York to a New York policyholder, and the insurance policy contains New York choice-of-law and notice provisions.

### (3) Factual Basis for Diversity of Citizenship

Plaintiff is a Delaware limited liability company. MGL is wholly owned by Match Group Holdings II, LLC, which is wholly owned by Match Group Holdings I, LLC, which is wholly owned by Match Group, Inc., which is incorporated in Delaware and has its principal place of business in Texas.

Defendant is a United Kingdom corporation and is a citizen and resident of the United Kingdom. Beazley was incorporated and formed under the laws of England and Wales, with its principal place of business in the United Kingdom.

### (4) Motions any Party Seeks or Intends to File and Other Applications Expected to be Made at Status Conference

Defendant Beazley intends to file a Motion to Dismiss on or before September 2, 2022. *See* Court Order, July 19, 2022, ECF No. 23. Beazley set forth most of its grounds for dismissal in its pre-motion letter, ECF No. 15. In response to the new allegations introduced in the Amended Complaint, ECF No. 26, Beazley will also argue that: (1) the policy contains an unambiguous definition of "Claim"; (2) under that definition, the Mellesmoen Claim was made in February 2016, when MGL received the demand letter; and (3) MGL cannot rely on extrinsic evidence to contradict the plain language of the contract because the policy is unambiguous and contains an integration clause, among other reasons.

As of now, no applications are expected to be made at the status conference.

### (5) Discovery that has Already Taken Place and Any that is Likely to be Admissible under Federal Rules of Evidence and Material to Proof of Claims and Defenses Raised in the Pleadings

Plaintiff anticipates that discovery will shed light on, among other things, the parties' course of dealing, all documents and communications regarding the underlying lawsuit for which coverage was denied (the "Mellesmoen lawsuit"), and the intent of the parties vis-à-vis the extension period.

Defendant maintains that this matter can be resolved by enforcing the plain and unambiguous language of the policy. Nevertheless, Defendant intends to proceed with discovery into documents and communications relating to the application and renewal of the policy and its predecessors, documents and communications relating to demands that were and were not noticed by MGL to the policy and predecessor policies, MGL's insurance and risk management policies and practices, and documents and communications concerning the Mellesmoen demand and lawsuit.

### (6) A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii)

Plaintiff claims damages equal to the amount incurred defending against and settling the Mellesmoen lawsuit, approximately $3,965,000, less any deductible required under the policy, pre- and post-judgment interest on contract damages pursuant to NY CPLR § 5004, and attorneys' fees incurred in connection with this action.

### (7) Settlement Discussions/Conference

The parties have a telephone conference with Magistrate Judge Sarah Cave, scheduled for Monday, August 22, 2022 at 10:30 a.m. to discuss a Settlement Conference.

Since the case was referred to Magistrate Judge Cave, MGL filed an amended complaint, ECF No. 26. After review of the amended complaint and further internal discussions, Beazley considers the likelihood of a settlement in this matter very low, and furthermore now believes that formal settlement discussions, if any, would be most productive at the end of fact discovery, in the event the case is not dismissed. Beazley intends to raise these issues on the call with Magistrate Judge Cave.

### (8) Any other information that the parties believe may assist this Court in resolving the action

None known now.

We look forward to further discussing the status of discovery during our telephone conference on August 24, 2022. Should you need any additional information before then, please contact the parties.

Respectfully submitted,

/s/ Ernest Martin

Ernest Martin

cc:   Counsel of record (via ECF and e-mail)