UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATCH GROUP, LLC,

                              Plaintiff,

          - against -

BEAZLEY UNDERWRITING LIMITED,

                             Defendant.

Case No. 22 Civ. 4629 (LGS) (SLC)

---

## [~~PROPOSED~~] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties **have** conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   **No.**

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   **No.**

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   **No**.

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
   **No.**

4. Alternative Dispute Resolution/Settlement

   a. At this time, the parties have a telephone conference with Magistrate Judge Sarah Cave, scheduled for Monday, August 22, 2022 at 10:30 a.m. to discuss a Settlement Conference.

   b. Counsel for the parties have discussed an informal exchange of information and have agreed to exchange the following: documents that they believe support or refute the course of dealings alleged by MGL.

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: **a settlement conference before a Magistrate Judge.**

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **Counsel for MGL recommends ongoing over the next 60 days.  Counsel for Beazley, however, recommends that formal settlement discussions, if any, would be most productive at the end of fact discovery.**

   e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after **9/2/22** without leave of Court.

6. Pursuant to the Court's order of July 11, 2022, ECF No. 20, the deadline to file amended pleadings without leave of the Court was July 22, 2022.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ~~9/2/22~~ August 24, 2022. [Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]

8. Fact Discovery

   a. All fact discovery shall be completed no later than ~~2/3/23~~ December 8, 2022. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ~~9/2/22~~.  August 19, 2022

   c. Responsive documents shall be produced by ~~12/2/22~~.  November 3, 2022
      Do the parties anticipate e-discovery? **Yes.**

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ~~9/30/22~~. *September 9, 2022*

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~2/3/23~~. *December 8, 2022*

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ~~1/11/23~~. *November 10, 2022*

g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery

   a. Anticipated types of experts if any:

      Plaintiffs' Statement: **We do not anticipate requiring experts at this time, but reserve our right to identify experts later.**

      Defendants' Statement: **We do not anticipate requiring experts at this time, but reserve our right to identify experts later.**

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~3/17/23~~ *January 23, 2023*. [Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.] Omit if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by ~~1/3/23~~ *November 10, 2022* [*no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery*] the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case **is** to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is **one (1) to three (3) days**.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    (a) Changes/Limitations to Initial Disclosures: None.

    (b) Subjects on which discovery may be needed:

        Plaintiffs' discovery will include the parties' course of dealing, all documents and communications regarding the underlying lawsuit for which coverage was denied

       (the "Mellesmoen lawsuit"), and the intent of the parties vis-à-vis the extension period.

       Defendants' discovery will include documents and communications relating to the application and renewal of the policy and its predecessors, documents and communications relating to demands that were and were not noticed by MGL to the policy and predecessor policies, MGL's insurance and risk management policies and practices, and documents and communications concerning the Mellesmoen demand and lawsuit.

  (c)    ESI: The Parties anticipate that some discovery would be in electronic form. The Parties will meet and confer to negotiate an ESI protocol and will present this Court with a proposed ESI discovery protocol.

  (d)    Privilege Issues: The Parties agree that information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party. Inadvertent production shall not constitute a waiver of such protection, if the producing party provides notice within a reasonable amount of time after discovering the inadvertent production.

  (e)    Changes/Limitations to Discovery: None at this time.

  (f)    Other Orders: None at this time.

13.    Status Letters and Conferences

  a.    By **10/2/22** [60 days after the commencement of fact discovery], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

  b.    By ~~**2/17/22**~~ December 21, 2022 [14 days after the close of fact discovery], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

  c.    On ~~**3/31/23**~~ February 8, 2023, at 4:30 p.m. ~~at **10 A.M.**~~ [*usually 14 days after the close of all discovery*], a pre-motion conference will be held for any anticipated dispositive motions, provided:

      i.    A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

      ii.    **If no pre-motion letter is timely filed, this conference will be canceled, and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: August 4, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

|  |  |
|  |  |