

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   PROVIDENCE   WASHINGTON, DC

JONATHAN S. ZELIG
Attorney at Law

One Federal Street, 29th Floor
Boston, MA 02110
T: (617) 345-4601 F: (617) 892-4236
jzelig@daypitney.com

October 14, 2022

**Application GRANTED.** Deposition discovery (including non-party depositions) and all expert discovery are stayed until the resolution of the pending motion to dismiss. At that time, the parties will have at most 60 days to complete any remaining discovery. No extensions will be granted absent extraordinary circumstances. The deadline for the parties to complete production of responsive documents is extended to **December 8, 2022**.

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(202) 805-0288

Dated: October 17, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Match Group, LLC v. Beazley Underwriting Limited*,
      Case No. 1:22-cv-04629-LGS (S.D.N.Y. filed June 3, 2022)
      Letter Requesting Stay of Discovery

Dear Judge Schofield:

Plaintiff Match Group, LLC ("Match") and defendant Beazley Underwriting, Ltd. ("Beazley" and, together with Match, the "Parties") write to respectfully request that the Court stay discovery ***in part*** pending resolution of Beazley's Motion to Dismiss. Beazley previously requested a stay of all discovery in its pre-motion letter to the Court. (ECF No. 15.) Match opposed that request (ECF No. 19); and the Court denied it (ECF No. 20). However, the Parties now agree to seek a stay of discovery, and therefore they respectfully submit this joint letter.

This case is an insurance coverage dispute. Beazley moved to dismiss on September 2, 2022 (ECF No. 33–34), Match opposed on September 28, 2022 (ECF No. 36), and Beazley filed its reply on October 7, 2022 (ECF No. 38).

Under the governing Case Management Plan and Scheduling Order ("Scheduling Order"), all fact discovery is to be completed by December 8, 2022. (ECF No. 30, at ¶ 8(a).) There are also numerous interim deadlines, including a requirement that the parties complete production of responsive documents by November 3, 2022. (*Id.*) In accordance with the Scheduling Order and its interim deadlines, the Parties have each served initial disclosures, requests for production of documents, responses and objections to the requests for production of documents, and interrogatories. The Parties also have begun collecting and reviewing documents for production.



The Honorable Lorna G. Schofield
October 14, 2022
Page 2

      After reviewing the fully briefed Motion to Dismiss, the Parties now ask the Court to stay deposition discovery (including non-party depositions) and all expert discovery until after the Court decides the pending motion. This partial stay would serve the interests of judicial economy, because it would avoid potentially unnecessary costs for the Parties and for non-party witnesses. If the Motion to Dismiss is *granted*, then there would be no need to require numerous witnesses (both party and non-party) to give testimony in the case. Alternatively, if the Motion to Dismiss is *denied*, Match takes the position that its threshold argument in opposition (if endorsed by the Court) would limit the scope of discovery to damages and possibly obviate the need for trial. (*See* ECF No. 36, at 1.) Thus, it appears there is a narrowed set of outcomes from the Motion to Dismiss that would result in the need to complete full merits discovery in this case. The Parties also represent to the Court that they can complete all deposition discovery, including any expert discovery, within 60 days of the Court's ruling on the Motion to Dismiss, thereby ensuring any delay would be minimal.

      In addition, the Parties respectfully request that the Court extend the November 3, 2022 deadline to complete production of responsive documents to December 8, 2022. The Parties request this additional time because two non-parties to this action possess a significant number of potentially relevant documents—namely, IAC Inc., f/k/a IAC/InterActiveCorp (Match's former parent company) and Marsh USA Inc. (IAC's insurance broker during the relevant time). Both IAC and Marsh have indicated that it is unlikely that they will be able to complete their productions by the current November 3, 2022 deadline, hence this request for an extension.

      We recognize that the Court generally does not stay discovery for dispositive motions. We respectfully ask the Court to grant this partial stay because (1) both Parties are making the request, (2) the request is narrowly tailored to avoid potentially unnecessary costs for witnesses and non-parties, and (3) the Parties will continue to work toward completion of all document and written discovery during the pendency of the Motion to Dismiss.

      We thank the Court for its consideration of this matter.

Respectfully Submitted,

/s/ Jonathan S. Zelig

Jonathan S. Zelig

cc:    All counsel of record (via CM/ECF)