UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATCH GROUP, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>BEAZLEY UNDERWRITING LIMITED,<br><br>          Defendant. | Case No.: 1:22-cv-04629-LGS |

**DECLARATION OF GREG VAN HOUTEN
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

I, Greg Van Houten, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over twenty-one years of age, am of sound mind, and am capable of making this Declaration.

2. The facts stated in this Declaration are within my personal knowledge, gained through my work on this matter and otherwise, and are true and correct.

3. I submit this Declaration in support of plaintiff Match Group, LLC's ("Match") Motion for Attorneys' Fees and Expenses Pursuant to Rule 54(d)(2).

4. Attached as Exhibit A is an email chain produced by defendant Beazley Underwriting Limited ("Beazley") in this action that is Bates stamped BEAZLEY0015572–574. The email chain contains, in pertinent part: (i) the initial notification of the Mellesmoen Claim that Marsh (the insureds' former insurance broker) sent to Beazley on August 22, 2016, at 9:42 a.m.; (ii) Beazley's near-immediate assignment of outside counsel—Wiley Rein LLP—to the Mellesmoen Claim, on August 23, 2016; and (iii) Wiley Rein's email to the insureds' in-house counsel, risk manager, and Marsh dated August 23, 2016, wherein Wiley Rein acknowledged receipt of the Mellesmoen Claim, indicated that Beazley is "evaluating" coverage, instructed the

1

insureds to "direct all future communications concerning this matter to our attention," requested a telephone conference, and requested that the insureds satisfy several requests for information.[1] Match proceeded to defend against the Mellesmoen Lawsuit alone, without Beazley's participation.

5. Attached as Exhibit B is an email chain produced by Beazley in this action that is Bates stamped BEAZLEY0012859–860.  The email chain contains, in pertinent part, an email from Wiley Rein, Beazley's outside counsel, proposing that Beazley defer its coverage evaluation vis-à-vis the Mellesmoen Claim until after a ruling on the demurrer filed in the underlying Mellesmoen Lawsuit.

6. Attached as Exhibit C is an email chain produced by Beazley in this action that is Bates stamped BEAZLEY0002454–459.  The email chain contains, in pertinent part, (i) an email from Mr. James Root, the insureds' risk manager at the time, to Beazley and Wiley Rein, dated March 13, 2017, conveying that the demurrer filed in the Mellesmoen Lawsuit was denied, and (ii) another email from Mr. Root to Beazley and Wiley Rein dated March 23, 2017, indicating that, since the demurrer filed in the Mellesmoen Lawsuit was denied, the insureds anticipated retaining an e-discovery vendor and starting depositions, such that the insureds would begin to incur "more substantial costs."

7. Attached as Exhibit D is a letter from Wiley Rein produced by Beazley in this action that is Bates stamped BEAZLEY0015063–070.  Through this letter, Beazley denied coverage for the Mellesmoen Lawsuit and invited the insureds to provide any additional information that the insureds believed may warrant a reconsideration of Beazley's coverage position (this Court

---

[1] All undefined capitalized terms, including "Mellesmoen Claim," are defined in Match's Opposition to Beazley's Motion to Dismiss.  (*See* ECF No. 36.)

recently held that the Mellesmoen Lawsuit was covered by the Policy based on materials Beazley possessed as of Marsh's initial notification of the claim).  (*See* Order, ECF No. 48.)

8. Attached as Exhibit E is an email chain produced by Beazley in this action that is Bates stamped BEAZLEY0015102–107.  The email chain contains, in pertinent part, (i) an email from Mr. Root dated April 24, 2017, wherein he asserts that the February 2016 Letter does not constitute a "claim," such that the insureds' notification of the Mellesmoen Claim was timely (*i.e.*, exactly what the Court found in its recent Order (*see* ECF No. 48)), and (ii) a response from Wiley Rein, Beazley's outside counsel, dated April 25, 2017, that includes citations to (distinguishable) case law, through which Beazley refused to change its coverage position.  Given Beazley's refusal to change its coverage position, Match continued to defend against the Mellesmoen Lawsuit without the benefit of the duty to defend for which it had paid.

9. After spending over $3.3 million defending against the Mellesmoen Lawsuit, and after spending $650,000 to settle the Mellesmoen Lawsuit, Match's outside counsel sent Beazley a letter asserting, once again, that the February 2016 Letter was not a "claim" under the Policy.  That letter, which was dated September 17, 2021, also stated that, if Beazley refused to reverse its coverage denial, then Match reserved the right to sue.  Attached hereto as Exhibit F is a true and correct copy of that letter, from the files of undersigned counsel.

10. Attached as Exhibit G is a letter produced by Beazley in this action that is Bates stamped BEAZLEY0010191–196 and that is dated November 4, 2021.  Through this letter, which was drafted, signed, and sent by Beazley's outside counsel, Beazley doubled down on its denial of coverage for the Mellesmoen Lawsuit and its incorrect position that the February 2016 Letter constitutes a "claim."  Beazley also stated that the burden was still on Match to provide "additional information that [it believes] Beazley should consider."

11. Attached as Exhibit H is a letter produced by Beazley in this action that is Bates stamped BEAZLEY0010198–216 and that is dated April 29, 2022. Through letter, which was sent to Beazley's outside counsel by Match's outside counsel, Match conveyed that it "stands ready to file in the Southern District of New York if the parties are unable to resolve this Claim." Match also attached to the letter a draft complaint and stated that, "[i]f Beazley is not interested in resolving this Claim out of court, or if we do not receive a response by [May 27, 2022], then [Match] will file its draft complaint in the United States District Court for the Southern District of New York."

12. Both before and after filing its complaint in this action, Match attempted to engage Beazley in settlement-related discussions, but Beazley failed to meaningfully engage; demonstrating as much, at least prior to the Court's recent issuance of its Order (ECF No. 48), Beazley never offered to contribute toward the costs incurred in connection with the Mellesmoen Lawsuit.

13. Attached as Exhibit I is a true and correct copy of an email chain between Beazley's outside trial counsel, Jonathan Zelig of Day Pitney, and Greg Van Houten, outside counsel for Match. This email chain includes an email from Mr. Zelig in which he states in pertinent part that:

> Beazley is amenable to litigating this matter in federal court, but would prefer to do so in an efficient manner that avoids any jurisdictional impediments or disputes. The best path forward is for Match Group to file suit against the UK corporation Beazley Underwriting Limited, rather than non-corporation entities Certain Underwriters at Lloyd's, London or Lloyd's Syndicates 2623/623.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 30, 2023
Washington, D.C.                                  */s/ Greg Van Houten*
                                                      Greg Van Houten

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 30, 2023, a copy of the foregoing was filed electronically. The Court's electronic filing system will send a copy of this filing to defendant's attorneys, and defendant and its attorneys may otherwise access this filing through the Court's CM/ECF system.

                                                      */s/ Greg Van Houten*
                                                      Greg Van Houten