| | |
|---|---|
| From: | Lavin, Parker [PLavin@wileyrein.com] |
| Sent: | 4/25/2017 2:41:02 PM |
| To: | Root, James [James.Root@iac.com]; Gildin, Ben [Ben.Gildin@iac.com] |
| CC: | Aleong, Shamica [Shamica.Aleong@marsh.com]; 'Susan.F.Friedman@marsh.com' [Susan.F.Friedman@marsh.com]; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' [Damian.Brew@marsh.com]; Beth D. Diamond (beth.diamond@beazley.com) [beth.diamond@beazley.com]; Platt, Leslie [LPlatt@wiley.law]; Brew, Damian [Richard.D.Brew@marsh.com] |
| Subject: | RE: IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence |

Jim,

In response to your questions concerning the definition of "Claim" and the related Claims provision in the Policies, let me first address your comment that the February 16, 2016 demand letter did not constitute a "claim," and then circle back to the related Claims provision.

The Policies define "Claim" to include, in relevant part, "a written demand received by any Insured for money or services, including the service of a suit or institution of arbitration proceedings." Policies, Section VI.G.1. Because the February 2016 letter informs Tinder that Mellesmoen is seeking relief as a result of the alleged actions of Sean Rad and Tinder, the February 2016 letter is a Claim under applicable New York law, which applies pursuant to the Policies' choice of law provisions. *See Evanston Insurance Co. v. GAB Business Services, Inc., et al.*, 132 A.D.2d 180 (N.Y. App. Div. 1987) (holding that a demand letter is a claim and "that a claim must relate to an assertion of legally cognizable damages, and must be a type of demand that can be defended, settled and paid by the insurer"); *see also McCabe v. St. Paul Fire and Marine Insurance Co.*, 79 A.D.3d 1612, 1614 (N.Y. App. Div. 2010) (finding that a letter constituted a "claim" even though it did not specifically request monetary damages because the claimant demanded that the insured rectify the purported problem and alleged that the insured performed negligently); *Seneca Ins. Co. v. Kemper Ins. Co.*, No. 02 CIV. 10088, 2004 WL 1145830, at *5 (S.D.N.Y. May 21, 2004), *aff'd,* 133 F. App'x 770 (2d Cir. 2005) (holding that a letter to the insured was a "claim" where it included an allegation of the violation of federal and state laws as well as a claim that the individual suffered "sustained actual direct damages" as a result of the insured's actions; noting that it was implied that the purpose of a meeting that the claimant requested in the letter was to "demand monetary damages or other relief," though no specific amount was sought in the letter).

In addition to setting forth Mellesmoen's allegations of Tinder's alleged wrongdoing, the February 2016 letter repeatedly asserts that Mellesmoen is owed and will receive, should the case go to a jury, "substantial" and "considerable" compensation as damages for his Claim, threatens to "proceed vigorously with litigation" should "good faith attempts to resolve th[e] matter not commence within 14 days of [the date of the February 2016 letter;]" and generally reserves his rights and remedies against Tinder and Rad. The February 2016 letter, therefore, constitutes a Claim under the Policies and New York law.

Accordingly, as the *Mellesmoen* Complaint, also a Claim, essentially repeats the detailed allegations from the February 2016 letter, while seeking unspecified monetary damages from Tinder and Rad, the February 2016 letter and the *Mellesmoen* Complaint are considered a single Claim deemed first made as of the February 2016 letter – that is, during the 2015 Policy Period – but not reported to Beazley until during the 2016 Policy Period.

Next, the plain language of the "Multiple Claims" clause within the definition of Claim makes clear that the provision applies to "[m]ultiple Claims," and not just occurrences. Because, as described above, the February 2016 demand letter and the *Mellesmoen* complaint are each Claims arising out of the same related acts, the related Claims provision provides that those Claims "shall be considered a single Claim" and that "[a]ll such Claims shall be deemed to have been made at the time of the first such Claim" – that is, February 2016.

If you have any further questions concerning Beazley's coverage position for this matter, please just let me know.

Thank you.

Regards,
Parker

Parker J. Lavin | Attorney at Law
Wiley Rein LLP
1776 K Street NW | Washington, DC 20006
T: 202.719.7367 | PLavin@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter | Executive Summary Blog

---

**From:** Root, James [mailto:James.Root@iac.com]
**Sent:** Monday, April 24, 2017 5:46 PM
**To:** Lavin, Parker <PLavin@wileyrein.com>; Gildin, Ben <Ben.Gildin@iac.com>
**Cc:** Aleong, Shamica <Shamica.Aleong@marsh.com>; 'Susan.F.Friedman@marsh.com' <Susan.F.Friedman@marsh.com>; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' <Damian.Brew@marsh.com>; Beth D. Diamond (beth.diamond@beazley.com) <beth.diamond@beazley.com>; Platt, Leslie <LPlatt@wileyrein.com>; Brew, Damian <Richard.D.Brew@marsh.com>
**Subject:** RE: IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence

Parker,

Not to be argumentative, but I interpret the below to be separate, but related. In other words, a "claim" is constituted by items 1, 2, 3, or 4 below, while the paragraph following goes on to say that multiple, interrelated occurrences resulting in one or more of these four items constitutes a single claim. I do not see where it says a series of related acts in and of itself constitutes a claim.

G. **Claim** means:
1. a written demand received by any **Insured** for money or services, including the service of a suit or institution of arbitration proceedings;
2. a threat or initiation of a suit seeking injunctive relief (meaning a temporary restraining order or a preliminary or permanent injunction).
3. with respect to coverage provided under Insuring Agreement E. only, institution of a **Regulatory Proceeding** against any **Insured**; and
4. a written request or agreement to toll or waive a statute of limitations relating to a potential **Claim** described above.

Multiple **Claims** arising from the same or a series of related or repeated acts, errors or omissions, or from any continuing acts, errors or omissions, or from multiple **Security Breaches** arising from a failure of **Computer Security**, shall be considered a single **Claim** for the purposes of this Policy, irrespective of the number of claimants or **Insureds** involved in the **Claim**. All such **Claims** shall be deemed to have been made at the time of the first such **Claim**.

That said, the only thing that clearly establishes a "claim" as defined above was the complaint filing on 8/17/16, as the previous letter of 2/16/16 simply presented various legal theories and, while it did also state that the letter constituted formal notification of potential litigation, it made no specific demand for money or services as defined in item #1 and did not specifically threaten a suit seeking injunctive relief as defined in item #2.

Thanks,

BEAZLEY0015103

Jim

---

**From:** Lavin, Parker [mailto:PLavin@wileyrein.com]
**Sent:** Monday, April 24, 2017 5:16 PM
**To:** Root, James <James.Root@iac.com>; Gildin, Ben <Ben.Gildin@iac.com>
**Cc:** Aleong, Shamica <Shamica.Aleong@marsh.com>; 'Susan.F.Friedman@marsh.com' <Susan.F.Friedman@marsh.com>; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' <Damian.Brew@marsh.com>; Beth D. Diamond (beth.diamond@beazley.com) <beth.diamond@beazley.com>; Platt, Leslie <LPlatt@wileyrein.com>; Brew, Damian <Richard.D.Brew@marsh.com>
**Subject:** RE: IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence

Jim,

Following up on your e-mail, the provision you cite in your e-mail below, which is from Section IX.A. of the Policy, applies to "Claims first made against the Insured during the last sixty (60) days of the Policy Period." As noted in Beazley's March 31, 2017 letter, and in my April 19 e-mail reply to you, the Claim here was "first made" on February 16, 2016, more than six months before the end of the Policy Period.

While you are correct that the *Mellesmoen* complaint constitutes a Claim that was made on August 17, 2017, well-within the 60-day window referenced in Section IX.A. for claims *first* made during the final 60 days of the Policy Period, the Policy's definition of Claim provides that multiple Claims "arising from the same or a series of related or repeated acts, errors or omissions, or from any continuing acts, errors, or omissions . . . . shall be considered a single Claim for purposes of this Policy . . . . deemed to have been made at the time of the first such Claim." *See* Policy, Section VI.G.

Because the *Mellesmoen* complaint and the February 16 demand letter "aris[e] from the same or a series of related or repeated acts," the Claims are considered a single Claim deemed *first* made when IAC/Tinder received the February 16 demand letter. Therefore, because the Claim at issue is deemed first made in February 2016, and not on the date of the filing of the *Mellesmoen* complaint, the 60-day notice period for claims made in the final 60-days of the Policy Period does not apply.

If you have any further questions for us, please just let me know.

Thank you.

Regards,
Parker

Parker J. Lavin | Attorney at Law
**Wiley Rein LLP**
1776 K Street NW | Washington, DC 20006
T: 202.719.7367 | PLavin@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter | Executive Summary Blog

---

**From:** Root, James [mailto:James.Root@iac.com]
**Sent:** Friday, April 21, 2017 6:52 PM
**To:** Lavin, Parker <PLavin@wileyrein.com>; Gildin, Ben <Ben.Gildin@iac.com>
**Cc:** Aleong, Shamica <Shamica.Aleong@marsh.com>; 'Susan.F.Friedman@marsh.com' <Susan.F.Friedman@marsh.com>; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' <Damian.Brew@marsh.com>; Beth D. Diamond (beth.diamond@beazley.com) <beth.diamond@beazley.com>; Platt, Leslie <LPlatt@wileyrein.com>; Brew, Damian <Richard.D.Brew@marsh.com>
**Subject:** RE: IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence

BEAZLEY0015104

Parker,

Thank you for your reply. Could you please explain to me why the following policy provision would not apply, as the actual "claim" (per my understanding) was only made on 8/17/16?

> Notwithstanding the foregoing, all Claims made against any Insured must be reported no later than (i) the end of the Policy Period, **(ii) sixty (60) days after the expiration date of the Policy Period in the case of Claims first made against the Insured during the last sixty (60) days of the Policy Period,** (iii) the end of the Optional Extension Period (if applicable), or (iv) one year after the expiration date of the Policy Period for Claims not known to the Claims Control Group at the end of the Policy Period.

Best,

Jim

---

**From:** Lavin, Parker [mailto:PLavin@wileyrein.com]
**Sent:** Wednesday, April 19, 2017 2:17 PM
**To:** Root, James <James.Root@iac.com>; Gildin, Ben <Ben.Gildin@iac.com>
**Cc:** Aleong, Shamica <Shamica.Aleong@marsh.com>; 'Susan.F.Friedman@marsh.com' <Susan.F.Friedman@marsh.com>; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' <Damian.Brew@marsh.com>; Beth D. Diamond (beth.diamond@beazley.com) <beth.diamond@beazley.com>; Platt, Leslie <LPlatt@wileyrein.com>; Brew, Damian <Richard.D.Brew@marsh.com>
**Subject:** RE: IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence

Jim,

Thank you for your e-mail, and we regret that the position came as a surprise. As it happens, we first advised Marsh of the coverage issue in the Fall of 2016, and after discussion with Marsh, and given the optimism around the strength of IAC's dispositive motion and with IAC's agreement, Beazley deferred its coverage position until a ruling had been issued on IAC's demurrer. As you know, Beazley promptly issued its coverage position after the ruling came down and you requested the position.

I also need to clarify another aspect of your message. Beazley's coverage determination was not based on "late notice," but rather, on a claims made and reported issue arising from the date the Claim at issue was first made – that is, on February 16, 2016 – and the timing of the notice to Beazley after the end of the Policy Period. Under the applicable insuring agreements, the claims made and reported requirement is a condition precedent and must be satisfied in order to trigger coverage in the first instance; prejudice is not a factor. Unfortunately, because the February 2016 Claim (as distinguished from a Notice of Circumstance) was not reported to Beazley during the Policy Period in which it was first made, coverage is not triggered.

As always, if IAC has further information it would like Beazley to consider, Beazley is happy to do so.

Thank you,

Regards,
Parker

Parker J. Lavin | Attorney at Law
**Wiley Rein LLP**

1776 K Street NW | Washington, DC 20006
T: 202.719.7367 | PLavin@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter | Executive Summary Blog

---

**From:** Root, James [mailto:James.Root@iac.com]
**Sent:** Friday, April 14, 2017 2:06 PM
**To:** Lavin, Parker <PLavin@wileyrein.com>; Gildin, Ben <Ben.Gildin@iac.com>
**Cc:** Aleong, Shamica <Shamica.Aleong@marsh.com>; 'Susan.F.Friedman@marsh.com' <Susan.F.Friedman@marsh.com>; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' <Damian.Brew@marsh.com>; Beth D. Diamond (beth.diamond@beazley.com) <beth.diamond@beazley.com>; Platt, Leslie <LPlatt@wileyrein.com>; Brew, Damian <Richard.D.Brew@marsh.com>
**Subject:** RE: IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence

+ Damian Brew, Marsh (filling in for Susan Friedman during her absence)

Parker,

Thanks for providing the requested letter. I have to be honest that I am somewhat surprised and disappointed by the position taken.

Notwithstanding the policy wording of Clause IX., we have always made it clear to Beazley that we do not report every single matter or circumstance unless or until such time as it has been determined to be a cause for any concern, and this has never been an issue in the past. That aside, IAC did in fact provide notice to the broker of this matter on 8/19 – following complaint filing on 8/17 and prior to renewal of the 2015 policy – so I'm not sure I understand how Beazley was prejudiced by the broker noticing the claim on the Monday following our Friday notice to them, despite the policy renewing on the Saturday between those two events. As noted in your position letter, the only significant activity prior to this filing was an exchange of letters between plaintiff's counsel and IAC's internal counsel and, although plaintiff counsel's letter was identified as a "settlement communication" as noted by Beazley (presumably to establish rules of evidence), no such negotiations were ongoing at or following that time, and I believe our response clearly showed we felt their allegations to be without merit.

Finally, I think it is also worth noting that Beazley – despite a number e-mail exchanges, updates, and phone discussions concerning Mellesmoen following notice – made no previous mention of this "late reporting" issue until the matter appeared to have the potential to incur more than incidental costs. Beazley's previous position (at least as I understood it) was simply one of deferring its coverage position on the belief the matter would be resolved well within the retention.

Best,

Jim

---

**From:** Lavin, Parker [mailto:PLavin@wileyrein.com]
**Sent:** Friday, March 31, 2017 3:04 PM
**To:** Root, James <James.Root@iac.com>; Gildin, Ben <Ben.Gildin@iac.com>
**Cc:** Aleong, Shamica <Shamica.Aleong@marsh.com>; 'Susan.F.Friedman@marsh.com' <Susan.F.Friedman@marsh.com>; Katy.Tejada-Ortega@marsh.com; 'Damian.Brew@marsh.com' <Damian.Brew@marsh.com>; Beth D. Diamond (beth.diamond@beazley.com) <beth.diamond@beazley.com>; Platt, Leslie <LPlatt@wileyrein.com>
**Subject:** IAC / Mellesmoen / Beazley Claim No. BEAZL100002878086 -- Correspondence

Jim and Ben,

Please see the attached correspondence sent on behalf of Beazley. Feel free to let us know if you have any questions.

Thank you.

Regards,
Parker

Parker J. Lavin | Attorney at Law
Wiley Rein LLP
1776 K Street NW | Washington, DC 20006
T: 202.719.7367 | PLavin@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter | Executive Summary Blog

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com.

BEAZLEY0015107