# HAYNES BOONE



June 30, 2023

**Greg Van Houten**
Direct Phone Number: 202-654-4562
Direct Fax Number: 202-654-4256
greg.vanhouten@haynesboone.com

<u>**By CM/ECF**</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Match Group, LLC v. Beazley Underwriting Ltd.*, Case No.: 1:22-cv-4629-LGS
<u>Consent Letter Motion Seeking Leave to File Three Exhibits Under Seal</u>

Dear Judge Schofield,

I write on behalf of plaintiff Match Group, LLC ("Plaintiff"), in connection with Plaintiff's Motion for Attorneys' Fees and Expenses (ECF No. 57) (the "Motion"), and pursuant to the Confidentiality Agreement and Protective Order (ECF No. 42) and Your Honor's Individual Rules and Procedures for Civil Cases (*see* § I.D.3), to respectfully move this Court for leave (1) to file under seal Exhibit 1-E (an excerpt from a proprietary database) to the forthcoming Declaration of Ernest Martin, Jr., which will be filed in support of the Motion, and (2) to file under seal the unredacted versions of Exhibits 1-B and 1-D (attorney invoices) to the same forthcoming Declaration. Defendant Beazley Underwriting Ltd. **<u>consents</u>** to the relief sought in this Letter Motion, under a reservation of rights to dispute the scope of Match's withholdings at a later date.

## I.     The Subject Documents.

Match seeks to seal Exhibit 1-E to Mr. Martin's declaration in its entirety.[1] Exhibit 1-E is an excerpt from Thompson Reuters' "PeerMonitor" database, which is a confidential and proprietary database that Haynes and Boone, LLP is contractually restricted from disseminating publicly. Match also seeks to seal the unredacted versions of Exhibits 1-B and 1-D, which are invoices prepared by Haynes Boone in connection with this matter.[2] Match has redacted from those invoices privileged communications and attorney work product. Exhibit 1-E is not currently available to the public, nor are the unredacted versions of Exhibits 1-B and 1-D.

## II.    The Subject Documents Should be Sealed.

The Second Circuit has adopted a three-part test to determine whether to seal documents. *See Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). The court must first determine whether the

---

[1] The unsealed version of this document (Exhibit 1-E) is attached as Exhibit A to this motion.
[2] The unredacted versions of these documents (Exhibits 1-B and 1-D) are attached as Exhibits B and C, respectively.

document at issue is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. If the documents are judicial in nature, public access is presumed. *Id.* Next, the court must determine the weight to be afforded to that presumption. *Id.* "[T]he weight to be given the presumption of access must be governed by the roles of the material at issue . . . and the resultant value of such information to those monitoring the federal courts. [T]he information will fall . . . on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

However, "the presumption of access" can be overcome if a court determines that countervailing factors warrant confidentiality. *See Lugosch* 435 F.3d at 120. Such factors include, among others, the privacy interests of the parties resisting disclosure. *Id.* In determining the weight to be accorded to privacy concerns, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Likewise, "[t]he nature and degree of injury [from having such information made public] must also be weighed." *Id.* And the privacy interest of innocent third parties also "should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 373 F.3d 222, 232 (2d Cir. 2001).

**Exhibit 1-E should be sealed in its entirety.** The privacy interests of third-party Thompson Reuters overcome any presumptions of public access to Exhibit 1-E. Competitively sensitive information is protected from public disclosure if disclosure would cause significant and irreparable competitive injury. *See, e.g., Standard Inv. v. Fin. Indus.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that, if disclosure of material would subject a party to financial harm and cause significant competitive disadvantage, then the subject material need not be disclosed).

Courts in this District routinely seal documents to prevent the disclosure of confidential or competitively sensitive business information. *See, e.g., GoSMiLE v. Dr. Jonathan Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (granting motion to seal documents discussing product development, costs and budgeting); *PDV Sweeny v. ConocoPhillips*, No. 14-cv-5183, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal documents "containing sensitive commercial information affecting [an] ongoing relationship").

Here, Exhibit 1-E contains two charts of datapoints on attorney's fees from Thomson Reuters' "PeerMonitor" service, a proprietary database of attorneys' fees information compiled from and used by many law firms. *See* Decl. of Mr. Ernest Martin ¶ 31. Per the terms of its licensing agreement for the use of PeerMonitor, Haynes Boone has agreed to keep PeerMonitor data confidential, with a limited exception that allows for the data to be used in attorneys' fees filings if, and only if, the data is filed under seal. *See Curtis Park v. Allied World*, No. 23-cv-00552 (D. Colo. May 10, 2023) (Text Order) (granting motion to seal PeerMonitor data subject to licensing agreement between Haynes Boone and Thompson Reuters). Moreover, Thomson

Reuters is not a party to this litigation, and it has a significant interest in protecting its proprietary business product. *See TheStreet.Com*, 373 F.3d at 232 (holding that the rationale for protecting confidential competitive information is even stronger when the records could harm the competitive interests of third parties). And those interests can only be protected by filing Exhibit 1-E under seal, restricting access to the parties and the Court. Moreover, Match seeks the most limited restriction possible, six pages of data contained in Exhibit 1-E.

***Exhibits 1-B and 1-D should be redacted.*** The protections of attorney-client privilege and the work product doctrine overcome the presumption of access to the unredacted versions of Exhibits 1-B and 1-D to Mr. Martin's declaration, which are Haynes Boone invoices and billing records. *See Flatiron Acquisition v. CSE Mortg.*, No. 17-cv-8987, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29, 2021) (cleaned up) (quoting *Licensing Corp. v. NHL Players*, 580 N.Y.S.2d 126, 128–29 (N.Y. Sup. Ct. N.Y. Cty. 1992)) (holding that time records that are "detailed in showing services, conversations, and conferences between counsel and others to such an extent that to allow access to the material would disclose trial strategy and reveal the legal work that has been done by the party's attorneys are privileged"); *see also MLB Props. v. Corporación de Televisión*, No. 19-cv-8669, 2020 WL 5518361, at *4 (S.D.N.Y. Sept. 14, 2020) (explaining that courts "often review invoices and billing records in camera when calculating awards of attorneys' fees and costs"). Both exhibits contain detailed billing statements that include narratives that disclose privileged information. While many of the detailed narratives are not so granular as to reveal privileged legal work and communications, some do. Match has endeavored to redact those few portions that do go so far. Thus, the redactions are narrowly tailored so to minimize the effect on the right of access while preserving the privacy interests inherent to privileged information and work product.

For those reasons, Match respectfully requests that this Court issue an order granting Match leave to file under seal (i) Exhibit 1-E (in its entirety), and (ii) the unredacted versions of Exhibits 1-B and 1-D, to the Declaration of Mr. Ernest Martin, filed in support of the Motion. As noted in footnotes 1 and 2, Exhibit 1-E is filed as Exhibit A to this letter motion, whereas Exhibits 1-B and 1-D are filed as Exhibits B and C, respectively.

We thank the Court for its consideration of this matter.

Respectfully Submitted,

*/s/ Greg Van Houten*
Greg Van Houten

*Counsel for Plaintiff*

cc: all Counsel of Record (via CM/ECF)

## **Appendix**

*Per Individual Rule and Procedure for Civil Cases No. I.D.3*

1) <u>Parties & Counsel Who May Have Access to Sealed Exhibit 1-E ("PeerMonitor")</u>.

    All parties and counsel of record.

2) <u>Parties & Counsel Who May Have Access to Sealed Exhibits 1-B and 1-D (Invoices)</u>.

    None, given that the unredacted version of Exhibits 1-B and 1-D—attorney invoices—contain privileged communications and attorney work product.

*    *    *