```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MATCH GROUP, LLC,                                           :
                                    Plaintiff,              :
                                                            :    22 Civ. 4629 (LGS)
                  -against-                                 :
                                                            :    OPINION AND ORDER
BEAZLEY UNDERWRITING LIMITED,                               :
                                    Defendant.              :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Before the Court is the Report and Recommendation (the "Report") of the Honorable Sarah L. Cave, which recommends denying Plaintiff's motion for attorney's fees and costs. In the event this Court is inclined to award fees and costs, the Report recommends an amount for each. *See Match Grp., LLC v. Beazley Underwriting Ltd.*, No. 22 Civ. 4629, 2023 WL 9603886, at *1 (S.D.N.Y. Dec. 21, 2023). For the reasons below, Plaintiff's objection (the "Objection") to the Report is overruled, and the Report's recommendation to deny fees and costs is adopted in full.

**I.     BACKGROUND**

This decision assumes familiarity with the factual background and procedural history, which are summarized in the Report and the motion to dismiss opinion. *See generally Match Grp., LLC v. Beazley Underwriting Ltd.*, No. 22 Civ. 4629, 2023 WL 3647370 (S.D.N.Y. May 25, 2023). Plaintiff Match Group, LLC ("Match") brought this insurance coverage action against Defendant Beazley Underwriting Limited ("Beazley"). After judgment was entered for Plaintiff on its claim for breach of contract, Plaintiff moved for attorney's fees and expenses. The motion

was referred to Judge Cave for a report and recommendation.[1] Judge Cave issued the Report. Plaintiff timely filed its Objection. Defendant did not object but did file a response to Plaintiff's Objection.

## II. DISCUSSION

### A. Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific[] written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). For those portions to which no such objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).[2] A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3).

### B. Entitlement to Fees

Plaintiff Match objects to the Report's recommendation that Plaintiff is not entitled to attorney's fees. This objection fails because New York law does not allow Match, an insured, to

---

[1] Motions for attorney's fees are treated as dispositive motions for purposes of Rule 72 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

recover its legal fees in an affirmative action brought against the insurer, Beazley. *See N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 772 (N.Y. 1995) ("It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy."); *Hershfeld v. JM Woodworth Risk Retention Grp., Inc.*, 181 N.Y.S.3d 667, 669 (2d Dep't 2023) ("[S]uch costs and fees ordinarily cannot be recovered . . . where the insured affirmatively sues the insurer for breach of the insurance contract."). New York law applies because the parties' briefs assume that New York law governs this issue. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) ("[S]uch implied consent is . . . sufficient to establish the applicable choice of law.").

Match's argument that its suit is not an affirmative action is unavailing. It is true that "an insured who is 'cast in a defensive posture by the *legal steps* an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 822 N.E.2d 777, 780 (N.Y. 2004) (emphasis added) (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 389 N.E.2d 1080, 1085 (N.Y. 1979)). "The reasoning behind *Mighty Midgets* is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including . . . an insurer's [own] declaratory judgment action." *Id.* "Other than [the insurer's filing] an affirmative action, in order to trigger an insured's right to attorneys' fees and costs, an insurer must take an action that is tantamount to an action brought by the insurer seeking to free itself from its policy obligations." *Wentworth Grp. Inc. v. Evanston Ins. Co.*, No. 20 Civ. 6711, 2022 WL 909794, at *2 (S.D.N.Y. Mar. 29, 2022) (*Wentworth II*) (New York law); *see also Lauder v. OneBeacon Ins. Grp., LLC*, 918 N.Y.S.2d 825, 833 (Sup. Ct. 2011) (applying "tantamount" action analysis).

Plaintiff argues that even though it filed the instant suit, Beazley took four affirmative actions tantamount to the filing of a suit that placed Plaintiff on the defensive: (1) Beazley's appeal of the judgment in this action, (2) a denial letter issued by Beazley's outside counsel on March 31, 2017, and subsequent exchanges reaffirming the denial, (3) a June 2, 2022, email that Plaintiff characterizes as Defendant's "instruction to sue Beazley" and (4) Beazley's filing of its motion to dismiss. Plaintiff's argument is unavailing; Beazley cannot be said to have taken "legal steps" sufficient to warrant the *Mighty Midgets* exception.

First, Match's request for attorney's fees from Beazley's appeal of the judgment in this action is premature, as the Second Circuit has not ruled on Beazley's duty to defend, which is the subject of the appeal. Even if the Second Circuit affirms this Court's judgment and finds a duty to defend, Match is not entitled to fees on the appeal. It is Match who affirmatively brought this action. The appeal is simply a continuation of that legal process. *City of New York v. Zurich-American Insurance Group*, 811 N.Y.S.2d 773, 775 (2d Dep't 2006), is distinguishable. There, the insured filed an action seeking a declaration that its insurer was obligated to defend and indemnify the plaintiff. *Id.* at 774. After the trial court had already awarded summary judgment in favor of the insured, the insurer filed motions for leave to amend its answer and for summary judgment based on a new theory to disclaim coverage. *Id.* The appellate court held that the plaintiff was entitled to the attorney's fees incurred in connection with responding to those motions because the motions placed the insured in a defensive posture. *Id.* at 775. The insurer in *Zurich-American* tried to begin the litigation anew, and with a new theory, in a manner distinguishable from Beazley here. *See City of New York v. Zurich-Am. Ins. Grp.*, 798 N.Y.S.2d 708, 2004 WL 2403179, at *6 (Sup. Ct. 2004) ("Zurich has placed the City in a defensive posture by affirmatively requiring the City to relitigate anew the declaration of coverage issue

based upon a new theory."). Beazley is not asserting any "new theory" on appeal, and indeed could not.

Second, Beazley's March 31, 2017, denial letter and follow-up exchanges are routine disclaimers of coverage that do not suffice to place Match in a defensive posture. "[C]ourts applying New York law have consistently found that an insurer's disclaimer of coverage, without more, is an insufficient legal step to place the insured in a defensive posture such that an attorneys' fees award is warranted." *Wentworth Grp. Inc. v. Evanston Ins. Co.*, No. 20 Civ. 6711, 2022 WL 336456, at *4 (S.D.N.Y. Feb. 4, 2022) (*Wentworth I*) (collecting cases), *report and recommendation adopted*, No. 20 Civ. 6711, 2022 WL 909794 (S.D.N.Y. Mar. 29, 2022). That Beazley's counsel authored the letters and provided contractual analyses and legal citations does not transform the denials into a *Mighty Midgets* legal step. New York regulations mandate that a disclaimer of coverage explain the reasons supporting it. *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 11, §§ 216.3(b), 216.6(d). *Houston Casualty Company v. Prosight Specialty Insurance Company*, 462 F. Supp. 3d 443 (S.D.N.Y. 2020), does not require otherwise because "unusual circumstances" in that case prompted the court to "look beyond the labels 'plaintiff' and 'defendant' to determine whether an insured is in an offensive or defensive position vis à vis its insurer in a dispute over the duty to defend (and indemnify)." *Id*. at 452. The decision arose after the parties had settled the bulk of their coverage dispute with the defendant insurance company "conceding the obvious: It had such a duty [to defend the insured]." *Id*. at 444. In the decision above, the court resolved only the "narrow issue" that remained after the settlement -- holding that the defendant insurer was *also* required to cover the attorney's fees and costs that the insured had incurred in attempting to establish the duty to defend before the insurer conceded that issue in settlement. *Id*. This holding, under the unique circumstances in which it arose, is

consistent with the court's observation that "an insured's fee recovery in these circumstances is not so much an exception to the American rule that litigants pay their own fees and expenses, as it is a right that arises from the contractual duty to defend." *Id*. at 451. The court engaged in a lengthier analysis, which rested ultimately on the unique circumstances of the case, circumstances that are not present here.

Third, what Plaintiff characterizes as Defendant's "instruction to sue Beazley" on June 2, 2022, appears to be merely a courtesy email from Defendant to Plaintiff advising the latter of a Beazley entity amenable to federal jurisdiction such that Plaintiff could proceed in federal rather than state court. It is Plaintiff who previously sent Defendant a draft complaint on April 29, 2022, after Beazley reaffirmed its denial in response to new arguments raised by Match in 2021.

Finally, Beazley's filing of a motion to dismiss is not tantamount to the filing of a suit. Such a filing is a defense to Plaintiff's affirmative action. *See Lauder*, 918 N.Y.S.2d at 833 (finding that the insurer's motion to dismiss "was not tantamount to an affirmative action" but "a defense against an element of [the insured's] prima facie case"). If Plaintiff's proposition were true, an insured would be able to recover fees whenever the insured prevailed on the merits of a dispositive motion, even in an action brought by the insured to settle its rights under the policy. This exception would swallow the rule.

The Court has reviewed the remaining portions of the Report as to which there was no objection and found no error, clear or otherwise.

## III. CONCLUSION

For the foregoing reasons, the Objection is OVERRULED and the relevant portion of the Report is ADOPTED in full.

The Clerk of Court is respectfully directed to close the motion at Dkt. 57.

Dated: February 29, 2024
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**