23-1058-cv
*Match Group, LLC v. Beazley Underwriting Limited*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 13 2024
```

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-four.

PRESENT:   Richard C. Wesley,
           Steven J. Menashi,
           Beth Robinson,
                *Circuit Judges.*

_____

MATCH GROUP, LLC,

    *Plaintiff-Appellee*,

v.                                                          No. 23-1058-cv

BEAZLEY UNDERWRITING LIMITED,

    *Defendant-Appellant.*

_____


For Plaintiff-Appellee:       GREG VAN HOUTEN, Haynes and Boone, LLP, Washington, DC (Ernest Martin, Jr.

CERTIFIED COPY ISSUED ON 08/13/2024

|  |  |
|---|---|
|  | and Andrew W. Guthrie, Haynes and Boone, LLP, Dallas TX, *on the brief*). |
| *For Defendant-Appellant*: | JOHN W. CERRETA, Day Pitney LLP, Hartford, CT (Jonathan S. Zelig, Day Pitney LLP, Boston, MA, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Beazley Underwriting Limited challenges the district court's grant of summary judgment to Plaintiff-Appellee Match Group, LLC. Match Group sued to enforce an insurance contract providing coverage for expenses related to a lawsuit filed by product-development consultant John Mellesmoen. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I

"Our standard of review for both motions to dismiss and motions for summary judgment is de novo." *Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 225 (2d Cir. 2013) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003)).

New York law applies to this dispute because the insurance policy issued by Beazley includes a New York choice of law provision, and the parties have offered arguments based on New York law. *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019) ("[I]mplied consent is sufficient to establish the applicable choice of law.") (alteration omitted) (quoting *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017)).

2

Under New York law, an insurance policy is a "creature[] of contract, and, accordingly, subject to principles of contract interpretation." *In re Estates of Covert*, 97 N.Y.2d 68, 76 (2001). And "[i]t is well established under New York law that a policyholder bears the burden of showing that the insurance contract covers the loss." *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000).

Moreover, under New York law, "courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." *Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co.*, 31 N.Y.3d 131, 135 (2018) (quoting *New York v. Home Indem. Co.*, 66 N.Y.2d 669, 671 (1985)). "In determining a dispute over insurance coverage, we first look to the language of the policy." *Id.* (quoting *Consol. Edison Co. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 221 (2002)). And in interpreting insurance policies, "courts read the contract as a whole." *Two Farms Inc. v. Greenwich Ins. Co.*, 628 F. App'x 802, 804 (2d Cir. 2015) (internal quotation marks and alteration omitted).

"Determining whether a contract is ambiguous is an issue of law for the courts to decide." *Donohue v. Cuomo*, 38 N.Y.3d 1, 13 (2022) (internal quotation marks omitted). "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech." *Mostow v. State Farm Ins. Cos.*, 88 N.Y.2d 321, 326-27 (1996) (citation omitted). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion." *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002) (internal quotation marks and alteration omitted). If the provisions of an insurance contract "are clear and unambiguous," New York law provides that "courts are to enforce them as written." *Village of Sylvan Beach v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995).

3

II

The issue in this appeal is whether a letter that John Mellesmoen's attorneys sent to Match Group's subsidiary advising Match Group of Mellesmoen's intent to pursue legal action unless a settlement was reached was a "claim" within the meaning of the insurance policy. That issue affects whether Match Group's eventual notice of claim to Beazley was untimely. Under the terms of the policy, a "claim" is "a written demand received by any Insured for money or services, including the service of a suit or institution of arbitration proceedings" or "a threat or initiation of a suit seeking injunctive relief." J. App'x 102. Generally, we have held, "a claim is an assertion by a third party that in the opinion of that party the insured may be liable to it for damages within the risks covered by the policy." *Am. Ins. Co. v. Fairchild Indus., Inc.*, 56 F.3d 435, 439 (2d Cir. 1995). "An assertion of possible liability, no matter how baseless, is … all that is needed to trigger a notice of claim provision." *Id.*

Even though Mellesmoen did not outright demand a certain sum from Match Group, his letter stated that he had legal claims against Match Group, that he believed he was entitled to compensation and damages, and that he would sue if Match Group did not contact him to resolve his claims. Mellesmoen clearly sought money; he wrote that "Tinder's malicious and bad faith refusal to compensate Mr. Mellesmoen for his valuable idea is unlawful, wrong, and entitles Mr. Mellesmoen to substantial recovery." J. App'x 151.

After receiving the letter, Match Group was required to notify Beazley of a potential claim for coverage for the cost of defending Mellesmoen's potential lawsuit. *See id.* at 152 (warning that, "should good faith attempts to resolve this matter not commence within 14 days of the date of this correspondence, Mr. Mellesmoen will proceed vigorously with litigation"); *see also Evanston Ins. Co. v. GAB Business Servs., Inc.*, 132 A.D.2d 180, 185 (N.Y. App. Div. 1st Dep't 1987) (concluding that a demand letter qualified as a claim "for money or services" when it related "to an assertion of legally cognizable damage").

4

The district court therefore erred in holding that because Mellesmoen's letter was not a claim under Beazley's policy, Match Group provided timely notice.

## III

On appeal, Match Group argues that even if the demand letter qualified as a "claim" under the policy, its notice to Beazley was still timely.[1] Mellesmoen filed a complaint against Match Group on August 17, 2016. The next day, Match Group learned of the complaint, and on August 19 it directed its insurance brokers to notify Beazley. Match Group's policy with Beazley terminated at 12:01 am on Saturday, August 20, and Match Group's insurance broker provided Beazley with notice of the claim the following Monday, August 22, at 8:42 am.

Under the policy, Match Group was required to report all claims to Beazley within the coverage period—defined as beginning at 12:01 am on August 20, 2015, and ending at 12:01 am on August 20, 2016. The policy stated, in relevant part, that "all Claims made against any Insured must be reported no later than … the end of the Policy Period." J. App'x 110-11.

The timeliness of Match Group's notice to Beazley turns on whether and how New York General Construction Law § 25, which provides an extension of time when contractual performance is authorized or required on a weekend, affected the policy. Under that statute:

> Where a contract by its terms [(1)] authorizes or requires the payment of money or the performance of a condition on a Saturday, Sunday or

---

[1] In its order denying Beazley's motion to dismiss the breach-of-contract claim, the district court also held that Match Group had pleaded sufficient facts to allege a breach of contract based on the parties' course of dealing. Under that theory, Match Group's notice to Beazley was timely because the parties had modified the contract through a course of dealing such that minor matters did not qualify as "claims" until the matters appeared likely to result in litigation. That holding of the district court is not before us in this appeal, and the parties agree that the course-of-dealing argument remains a question to be resolved on remand. *See* Appellant's Br. 17; Appellee's Br. 38.

5

> a public holiday, or [(2)] authorizes or requires the payment of money or the performance of a condition within or before or after a period of time computed from a certain day, and such period of time ends on a Saturday, Sunday or a public holiday, unless the contract expressly or impliedly indicates a different intent, [(A)] such payment may be made or condition performed on the next succeeding business day, [(B)] and if the period ends at a specified hour, such payment may be made or condition performed, at or before the same hour of such next succeeding business day, with the same force and effect as if made or performed in accordance with the terms of the contract.

N.Y. Gen. Const. Law § 25. The parties disagree about whether clause (A) or clause (B)—as denominated above—applies in this case. Beazley argues that § 25 does not apply to the policy at all, but even if it did, clause (B) would govern because the policy ended at a "specified hour"—12:01 am—so Match Group had until 12:01 am on the following business day, Monday, August 22, to report the claim. Because Match Group did not report the claim until 8:42 am on August 22, Beazley argues that Match Group's notice was untimely. Match Group argues that clause (A) applies, meaning it had all of Monday, August 22, to report the claim and was not required to provide notice at 12:01 am on Monday morning.

The district court never considered how the statute might affect the timeliness of the notice of claim because it concluded that the letter was not a claim in the first place. "We are 'a court of review, not of first view.'" *Havens v. James*, 76 F.4th 103, 123 (2d Cir. 2023) (quoting *Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597, 610 (2013)). Accordingly, we leave the issue of § 25 to be resolved by the district court in the first instance on remand.

\*   \*   \*

We have considered Match Group's remaining arguments, which we conclude are without merit. For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit