

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   PROVIDENCE   WASHINGTON, DC

JONATHAN S. ZELIG
Attorney at Law

One Federal Street, 29th Floor
Boston, MA 02110
T: (617) 345-4601 F: (617) 892-4236
jzelig@daypitney.com

September 19, 2024

**VIA E-MAIL**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(202) 805-0288

Re:   Match Group, LLC v. Beazley Underwriting, Ltd., No. 1:22-cv-4629-LGS
       Letter-Motion for Extension of Time and Addendum to Joint Status Letter

Dear Judge Schofield:

On behalf of defendant Beazley Underwriting, Ltd. ("Beazley"), I write to (i) provide additional information relevant to the status of this case, (ii) request a brief extension of time – until October 2, 2024 – for Beazley to answer plaintiff Match Group, LLC's ("Match") First Amended Complaint, and (iii) request that the Court convene a telephonic status conference within the next two weeks to discuss the case schedule in light of the ongoing developments discussed in this letter.  Beazley submits this letter-motion as an "addendum" to the parties' joint letter submitted to the Court yesterday (ECF No. 87) because Match objected to the inclusion of this information.

Yesterday morning, Beazley informed Match that the insurance policy at issue in this litigation will likely be fully exhausted within the next sixty days by payment on a separate claim submitted by the policy's Named Insured and another Insured. Although the payment is not yet finalized, Beazley concluded it was important to inform Match and the Court of this likely development, which would have significant effects on this case. Under the terms of the policy, the exhaustion of the aggregate limit by payment on a separate claim would extinguish any potential obligation from Beazley to Match under the Policy, and therefore would constitute grounds for dismissal of this action or judgment in favor of Beazley.

Accordingly, Beazley intends to plead exhaustion of the policy as an affirmative defense in its forthcoming responsive pleading. Beazley also may file a counterclaim for a declaratory judgment that it owes no obligation to Match based on the impending exhaustion of the policy.



September 19, 2024
Page 2

These ongoing developments have significant implications for the Rule 56(a) motion proposed by Match and authorized by the Court (ECF Nos. 85, 86). Beazley consented to the proposed scheduling of that motion in light of Match's well-taken argument that the Court should consider potentially dispositive issues before the parties complete burdensome deposition discovery. However, the increasingly likely exhaustion of the policy within the next sixty days by payment of a separate claim presents a competing dispositive issue – yet to be pleaded – that would render any decision on Match's forthcoming Rule 56(a) motion moot.

Beazley respectfully submits that, in the interests of judicial economy, the parties need time to consider the implications of the impending exhaustion of the policy and to meet and confer concerning how this case should proceed – if at all.

Accordingly, Beazley respectfully requests that the Court extend Beazley's time to respond to the First Amended Complaint from the original due date, September 25, 2024, to October 2, 2024. This is the first request for an extension of this deadline. Match consents to this request.

In addition, Beazley respectfully requests that the Court schedule a telephonic status conference at the Court's convenience between September 26, 2024 and October 2, 2024. Beazley submits that setting a conference with the Court to discuss these issues would facilitate constructive dialogue between the parties.

We thank the Court for its consideration of this matter.

Respectfully Submitted,

Jonathan S. Zelig

cc: Counsel of Record (*via* CM/ECF)