# HAYNES BOONE



**Greg Van Houten**
Direct Phone Number: 202-654-4562
*greg.vanhouten@haynesboone.com*

October 2, 2024

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(202) 805-0288

Re: Match Group, LLC v. Beazley Underwriting, Ltd., No. 1:22-cv-4629-LGS
   Response to Beazley's Recent Letter and Consent Letter-Motion for Extension of Time

Dear Judge Schofield,

On behalf of plaintiff Match Group, LLC ("Match") and pursuant to the Court's Order dated September 20, 2024 (ECF No. 89), I write to respond to the aspects of Beazley's recent Letter Motion (ECF No. 88) that regard the issue of the potential exhaustion of the insurance policy at issue in this litigation. I also write to request a two-week extension of the briefing deadlines set for Match's motion for summary judgment (*see* ECF No. 86). Match respectfully submits that, in the interests of judicial economy, the parties need additional time to meet and confer regarding the exhaustion issue and to discuss whether and/or how this case should proceed considering that issue. Beazley consents to Match's request.

*The New Exhaustion Issue*

On September 18, 2024, Beazley informed Match that it intends to make a payment to cover another unaffiliated insured's (the "Coinsured") claim under the policy at issue in this case, and that it plans to contend that its forthcoming payment will exhaust the policy. This was a shocking development, and the first Match had heard about the potential exhaustion of the insurance policy that is at the heart of this litigation.

In the days following Beazley's disclosure, Match learned that Beazley once took the position that another Beazley-issued policy—not the policy at issue in this case—covered the Coinsured's claim. Match further learned that Beazley recently changed its position and decided it would cover the Coinsured's claim under the policy at issue in this case. Match does not yet know exactly why Beazley changed its position, and in a way that, according to Beazley, would exhaust the policy

---

**Haynes and Boone, LLP**  |  800 17th Street, NW | Suite 500 | Washington, D.C. 20006
T: 202.654.4500 | haynesboone.com

# HAYNES BOONE



The Honorable Lorna G. Schofield
October 2, 2024
Page 2 of 2

that is at issue in this litigation.  Match has requested information from both Beazley and the Coinsured regarding Beazley's change of position.[1]

*The Requested Extension of the Summary Judgment Briefing Deadlines*

Match respectfully submits—and Beazley agrees (*see* ECF No. 90)—that the parties need more time to meet and confer regarding this potential exhaustion issue.  It is possible that the parties will agree that Beazley's forthcoming payment to the Coinsured will exhaust the policy at issue in this case, such that a dismissal of this case may be warranted.[2]  But it is also possible that Match will contend that Beazley's forthcoming payment will not exhaust the policy and/or that Match nevertheless has a right to coverage despite any alleged exhaustion.[3]  The parties' continued discussions and their exchange of information should allow Match the opportunity to finalize its position in the relative near-term.

For those reasons, and to avoid a scenario where the parties and the Court expend resources on an unnecessary motion sequence, Match respectfully requests that the Court extend the deadline for Match to file its motion for summary judgment to October 23, 2024 (from October 9, 2024), Beazley to file its opposition to November 6, 2024 (from October 23, 2024), and Match to file its reply to November 13, 2024 (from October 30, 2024).  Beazley consents to Match's request.

We thank the Court for its consideration of this matter.

Respectfully Submitted,

/s/ *Greg Van Houten*
Greg Van Houten

cc:    Counsel of Record (via CM/ECF)

---

[1] Match may seek discovery on Beazley's change of position, and on the exhaustion issue in general, if and to the extent that it is unable to obtain sufficient information outside of litigation.

[2] On Monday, Beazley disclosed to Match that it intends to make the subject payment to the Coinsured in the next one to two months.

[3] *See, e.g.*, *Smoral v. Hanover Ins. Co.*, 37 A.D.2d 23, 25 (1st Dep't 1971) (indicating that, when handling competing claims tendered by different insureds, the insurer may not, in bad faith, "prefer[] one its insureds over another").